**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, SUITE 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
D. AARON BROCK, STATE BAR NO. 241919
ab@brockgonzales.com
LEE A. CIRSCH, STATE BAR NO. 227668
lc@brockgonzales.com
SEAN T. COOK, STATE BAR NO. 318952
sc@brockgonzales.com

**Attorneys for Plaintiff**
DENNIS DOYEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS DOYEL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ATOS IT SOLUTIONS AND SERVICES, INC., a Delaware Corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 8:18-CV-02181-AG (KESx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS OF DEFENDANT ATOS IT SOLUTIONS AND SERVICES INC., JEFFREY RUCKER AND DAVID BYRD BY REMOTE MEANS**<br><br>[Filed Concurrently Herewith: Declaration of Lee A. Cirsch in Support Hereof; [Proposed] Order]<br><br>DATE: June 29, 2020<br>TIME: 8:30 a.m.<br>CTRM: 9D<br><br>Deposition Cutoff: June 6, 2020<br>Pre-trial Conf.: July 6, 2020<br>Trial Date: July 21, 2020 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that on June 29, 2020, at 8:30 a.m., in Courtroom 9D of the United States District Court, Central District of California located at 411 W. Fourth Street, Santa Ana, CA 92701, Plaintiff will move for an order compelling the depositions of Defendant's FRCP 30(b)(6) witness(es), Jeffrey Rucker and David Byrd to proceed by remote means using Zoom or other videoconference technology within fifteen (15) days of the Court's order. The Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, any supplemental briefing and any and all argument of counsel at the hearing of this matter. In accordance with Local Rules 7-3 and 37-1, Plaintiff's counsel met and conferred with Defense counsel regarding the substance of this Motion on May 18, 2020 and May 20, 2020. Declaration of Lee A. Cirsch ("Cirsch Decl."), ¶ 10.

DATED: May 27, 2020         BROCK & GONZALES, LLP


By:     /s/ Lee A. Cirsch
         D. AARON BROCK
         LEE A. CIRSCH
         SEAN T. COOK
         Attorneys for Plaintiff

## I. **INTRODUCTION**

This matter is set for a Court trial on July 21, 2020. Plaintiff has attempted to work with Defendant ATOS IT Solutions and Services, Inc. ("Defendant") to obtain three depositions he plans to present to the Court at trial (as the witnesses reside out-of-State). In light of Covid-19 concerns, and pursuant to Federal Rule of Civil Procedure 30(b)(4),[1] Plaintiff proposed a very sensible solution to Defendant to accomplish taking these depositions – take them via Zoom videoconference where Plaintiff's counsel could be located in Los Angeles, Defense counsel could be located in San Diego (or travel if desired), and the witnesses out-of-State. Defense counsel has balked at this and indicated that the witnesses would not appear for deposition on or before the June 6, 2020 cut-off. Defense counsel, a large nationwide employment defense law firm with an office in Dallas, could also have another lawyer from area where the witnesses are located to be present while San Diego based defense counsel could attend via Zoom videoconference if local counsel does not want to travel at this time. The only solution Defendant has proposed is to delay the depositions, delay the trial, and ultimately delay Plaintiff from ever having his day in Court.

With this case being a straightforward bench trial on a single issue of Defendant's liability to Plaintiff for promising him he could relocate to another state for a new position and then terminating after he moved but before he ever started the position, there is no reason to delay. Plaintiff's counsel will try this case in whichever manner the Court deems most efficient and economical under the circumstances. These depositions can be taken by Zoom or other videoconference technology like scores of other depositions that have been conducted in this manner since Covid-19 broke out. Indeed, numerous courts around the country

---

[1] See Federal Rule of Civil Procedure 30(b)(4) ("[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.")

have issued standing orders permitting remote depositions, including Emergency Rules of the California Rules of Court (adopted April 6, 2020), Rule 11 that provides that "a party or nonparty deponent, at their election or the election of the deposing party, is not required to be present with the deposition officer at the time of the deposition"), and FRCP 30(b)(4) provides a mechanism in the federal district courts for parties to stipulate, or the Court to order, a deposition to proceed by telephone or other remote means.[2]  Accordingly, pursuant to FRCP 30(b)(4) and FRCP 37, Plaintiff respectfully requests that the Court order the depositions of Defendant's FRCP 30(b)(6) witness(es), Jeffrey Rucker and David Byrd to proceed by remote means using Zoom or other videoconference technology within fifteen (15) days of the Court's order.

## II.  FACTUAL AND PROCEDURAL HISTORY

This case was previously assigned to the Honorable Andrew Guilford.  On November 25, 2019, Judge Guilford issued a Scheduling Order setting the Discovery Cut-Off for April 6, 2020, the Pretrial Conference for July 6, 2020 at 8:30 a.m. and the Trial Date for July 21, 2020 at 9:00 a.m. (Doc. No. 27). On February 5, 2020, this case was reassigned to this Court. on February 5, 2020. (Doc. No. 35).  On March 2, 2020, the Court held a status conference and confirmed that the dates set by Judge Guilford would remain. (Doc. No. 43). Plaintiff with cooperation from Defendant, noticed three depositions to occur prior to the April 6, 2020 Discovery Cut-Off: Defendant's 30(b)(6) witness(es), Jeffrey Rucker, and David Byrd. Cirsch Decl. at ¶ 4.  However, when the Covid-19 pandemic broke in mid-March, the parties filed a Joint Stipulation to Extend Discovery Cut-Off for Depositions Due to Covid-19 requesting that the Court continue the Discovery Cut-Off for depositions to June 6, 2020. (Doc. No. 47).

---

[2] See https://www.publicjustice.net/what-we-do/access-to-justice/resources-for-plaintiffs-lawyers-during-covid-19/

4
NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS BY REMOTE MEANS

The Court entered an order on March 17, 2020 extending the Discovery Cut-Off for depositions to June 6, 2020. (Doc. No. 49).

On April 29, 2020, the parties conducted a telephonic meet and confer to discuss Defendant's intention to file a Motion for Summary Judgment and the parties' understanding that Plaintiff would need to complete the depositions of Defendant's 30(b)(6) witness(es), Jeffrey Rucker and David Byrd – all located out-of-state – to oppose the motion. Cirsch Decl. at ¶ 5.  Counsel for Plaintiff raised the issue of proceeding with the depositions remotely and counsel for Defendant indicated that she would not produce the witnesses for deposition until she could travel to be physically present with the witnesses out-of-state. Cirsch Decl. at ¶ 6. On May 7, 2020, counsel for Plaintiff informed counsel for Defendant that he would issuing amended notices of deposition for Defendant's 30(b)(6) witness(es) and Jeffrey Rucker for May 27, 2020 by Zoom videoconference, and invited counsel to offer alternative dates prior to June 6, 2020 if the May 27th date did not work. Cirsch Decl. at ¶ 7.

On May 11, 2020, Plaintiff served counsel for Defendant with Amended Notices of Deposition for Defendant's 30(b)(6) witness(es) and Jeffrey Rucker to take place on May 27, 2020 via Zoom videoconferencing. Cirsch Decl. at ¶ 7.  On May 18, 2020, counsel for Plaintiff emailed counsel for Defendant to follow-up on the May 27th date noticed for the 30(b)(6) and Rucker depositions since counsel for Defendant had never responded to the May 7 email requesting alternative dates. Cirsch Decl. at ¶ 8.  Counsel for Plaintiff requested that counsel for Defendant confirm that the witnesses would be produced for deposition on May 27, 2020 and indicated that if the answer was "no" or if counsel failed to respond that Plaintiff would need to file a motion to compel. Cirsch Decl. at ¶ 8.  On May 20, 2020, the parties conducted a telephonic meet and confer where counsel for Defendant confirmed that the witnesses would not be produced for deposition on May 27, 2020 and that they would not be produced until such time as shelter-in-place and

5
NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS BY REMOTE MEANS

1 other related restrictions were lifted such that counsel for Defendant could be
2 physically present with the deponents. Cirsch Decl. at ¶ 9.  With that, counsel for
3 Plaintiff indicated that he had no choice but to proceed with a motion to compel the
4 depositions by remote means. Cirsch Decl. at ¶ 9.

### III.   THE COURT SHOULD ORDER DEFENDANT'S FRCP 30(B)(6) WITNESS(ES), JEFFREY RUCKER AND DAVID BYRD DEPOSITIONS TO PROCEED BY REMOTE MEANS

Federal Rule of Civil Procedure 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1).  Federal Rule of Civil Procedure 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions." Fed. R. Civ. P. 30(b)(4).

Here, the circumstances justify the Court issuing an order compelling the depositions of Defendant's 30(b)(6) witness(es), Jeffrey Rucker, and David Byrd to proceed by remote means using Zoom or other videoconference technology. The Covid-19 pandemic has changed, and will continue to change for the foreseeable future, the way that the practice of law and legal system will be required to operate so an not to have the justice system come to a halt. FRCP 30(b)(4) clearly contemplates the present situation by authorizing the parties to stipulate, or for the Court to order, depositions to proceed by remote means. Such an order is justified here.  As such, pursuant to FRCP 30(b)(4) and FRCP 37, Plaintiff respectfully requests that the Court order the depositions of Defendant's FRCP 30(b)(6) witness(es), Jeffrey Rucker and David Byrd to proceed by remote means using Zoom or other videoconference technology within fifteen (15) days of the Court's order.

## IV. CONCLUSION

For these reasons, pursuant to FRCP 30(b)(4) and FRCP 37, Plaintiff respectfully requests that the Court order the depositions of Defendant's FRCP 30(b)(6) witness(es), Jeffrey Rucker and David Byrd to proceed by remote means using Zoom or other videoconference technology within fifteen (15) days of the Court's order.

Dates: May 27, 2020　　　　　　　　　　BROCK & GONZALES, LLP
　　　　　　　　　　　　　　　　　　　　D. Aaron Brock
　　　　　　　　　　　　　　　　　　　　Lee A. Cirsch
　　　　　　　　　　　　　　　　　　　　Sean T. Cook

　　　　　　　　　　　　　　　　　　　　By: /s/ Lee A. Cirsch_____
　　　　　　　　　　　　　　　　　　　　　　Lee A. Cirsch
　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

**PROOF OF SERVICE**
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045.

On May 27, 2020, I served the foregoing document described as **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS OF DEFENDANT ATOS IT SOLUTIONS AND SERVICES INC., JEFFREY RUCKER AND DAVID BYRD BY REMOTE MEANS** on the interested parties in this action, addressed as follows:

Tracie Childs, Esq.
Cameron Flynn, Esq.
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
E-mails: tracie.childs@ogletree.com; Cameron.flynn@ogletree.com
Attorneys for Defendant ATOS IT SOLUTIONS AND SERVICES, INC.

☐ By mail, I deposited such envelope(s) in the mail at Los Angeles, California, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

☒ By e-service via ECF, I transmitted the document to all e-mail addresses registered through ECF.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on May 27, 2020, at Los Angeles, California.

*/s/ [signature]*